No. 3842.—STEPHEN K. FOWLER v. SUCCESSION OF J. G. GORDON.

A final judgment of the parish court decreeing a partition and ordering the heirs to be put in possession of the estate, can not be treated as an absolute nullity, nor can it be attacked collaterally.

Where the executor has filed his final account and has been discharged, and the heirs have been put in possession the creditors of the estate are entitled to recover from each heir his virile share of the debt of his ancestor, and each one of the heirs may be made parties to such a suit.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. *T. P. Farrar* and *Race, Foster & E. T. Merrick*, for appellants. *Aroni, Mayo & Spencer* and *F. P. Clinton*, for defendants and appellees.

WYLY, J. While this suit was pending to enforce a claim against the succession of J. G. Gordon, the heirs were put in possession of the property under a judicial partition, and the executor rendered his final account, which was duly homologated, and he was discharged from the administration of the estate.

After this, the executor excepted to the further prosecution of the suit against him. The court sustained the exception abating the suit as to the executor, but reserving the right of the plaintiff to make the heirs parties defendant. From this judgment the plaintiff appeals.

Article 1012 Revised Code declares that, "in obtaining possession of the effects of a succession, the heirs shall not be permitted, under any pretense whatsoever, to have an actual delivery of any property of such succession which may be in suit, or to receive any money of such succession when there shall be claims thereon pending in court, unless they previously give bond with good and sufficient security, *if the plaintiffs in such suits require it.*" * * * * *

Article 1671 Revised Code declares that, "the heirs can, at any time, take the seizin from the testamentary executor on offering him a sum sufficient to pay the movable legacies, and on complying with the requirements of article 1012."

In the case before us there were no movable legacies and the plaintiff in the suit did not require the bond contemplated by article 1012.

The heirs had therefore the right to demand the seizin of the property from the executor, and he had no right to refuse it.

If the plaintiff in this suit, which was pending, did not require the bond, the heirs were not bound to give it. By accepting the succession and going into possession each heir became indebted to the creditor of his ancestor for his virile share of the debt. By this partition the plaintiff is not remediless. He can make the heirs parties defendant and recover judgment against them jointly for whatever sum that may be found to be due him by their ancestor.

The judgment of the parish court, decreeing the partition and ordering the heirs to be put in possession of the property, can not be treated as an absolute nullity, nor can it be attacked collaterally. And the same remark is applicable to the judgment homologating the account of the executor and discharging him.

Judgment affirmed.